UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TASLIMA A. CHOWDURY,<br><br>*Plaintiff*,<br><br>— against —<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>*Defendant*. | **No. 21-CV-2874 (ARR) (CLP)**<br><br>**Not for Electronic Print or Publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

Plaintiff, Taslima A. Chowdury, has brought suit against defendant, Midland Credit Management, Inc., a debt collection agency, alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10). Defendant now moves to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant's motion is granted.

## BACKGROUND

Defendant sent debt collection letters to plaintiff on January 2, 2020, January 28, 2020, March 5, 2020, July 1, 2020, August 5, 2020, and September 9, 2020.[1] Def.'s Mot. 2, ECF No. 11-1. The July 1 letter is labeled "PRE-LEGAL NOTIFICATION" at the top of the first page. July 1, 2020 Letter 1 ("July 1 Letter"), Pl.'s Opp'n Ex. D, ECF No. 12-4. The body of the letter states that defendant "is now considering forwarding your account to an attorney . . . for possible litigation"

---

[1] Plaintiff concedes that its claims regarding the letters dated January 2, 2020, January 28, 2020, and March 5, 2020 are barred by the one-year statute of limitations. Pl.'s Opp'n 2 n.1, ECF No. 12; *see* 15 U.S.C. § 1692k(d).

and that "if we don't hear from you or receive payment by 7/31/2020, we may proceed with forwarding this account to an attorney," and "[i]f your account is forwarded to an attorney, this may result in a lawsuit against you." *Id.* In green text, on the top right of the page, is the warning: "ACT NOW: Attorney review may be the next step." *Id.*

The August 5 letter is also labeled "PRE-LEGAL NOTIFICATION" at the top of the first page. August 5, 2020 Letter 1 ("August 5 Letter"), Pl.'s Opp'n Ex. E, ECF No. 12-5. The letter contains the header, "Pre-Legal Department" and "NOTICE OF POSSIBLE ATTORNEY REVIEW." *Id.* The letter states, "We are proceeding with an evaluation of your account and are considering forwarding this account to an attorney in your state for possible litigation" and "[f]ailure to make a payment or contact us will result in the continuation of the pre-legal review process. After the pre-legal review process, your account may be forwarded to an attorney." *Id.* The letter further advises that "[i]f your account is forwarded to an attorney, this may result in a lawsuit against you." *Id.* The bottom of the letter instructs the recipient to "STOP THE PRE-LEGAL PROCESS" by paying the debt owed or calling defendant to ask about payment plans by September 4, 2020. *Id.*

Finally, the September 9 letter is similarly labeled "PRE-LEGAL NOTIFICATION" in bold red-and-white coloring at the top of the page. September 9, 2020 Letter 1 ("September 9 Letter"), Pl.'s Opp'n Ex. F, ECF No. 12-6. The letter states that it is a "FINAL NOTICE" and that defendant "will transition your account into the attorney review process after 10/9/2020." *Id.* As in the other two letters, defendant advises that "[i]f your account is forwarded to an attorney, this may result in a lawsuit against you." *Id.* The letter further states, "This is the final written communication you will receive prior to entering the legal review process. Your prompt attention is necessary to avoid the possibility of legal action." *Id.*

**LEGAL STANDARD**

I.     **Motion to Dismiss for Failure to State a Claim**

In reviewing a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), I must "constru[e] [it] liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (citation omitted). I may consider only those "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

II.    **Section 1692e of the FDCPA**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Section 1692e forbids "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.*; *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). Subsection 1692e(5) prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Subsection 1692e(10) is a "catch-all provision" barring "'[t]he use of any false representation or deceptive means to collect or attempt to collect

any debt or to obtain information concerning a consumer.'" *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015) (quoting 15 U.S.C. § 1692e(10)).

"[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "This objective standard is designed to protect all consumers, the gullible as well as the shrewd, while at the same time protecting debt collectors from liability for bizarre or idiosyncratic interpretations of collection notices." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998) (citation and quotation marks omitted); *see also Clomon*, 988 F.2d at 1318–19 ("[I]n crafting a norm that protects the naive and the credulous[,] the courts have carefully preserved the concept of reasonableness").

## DISCUSSION

### I. Plaintiff fails to state a claim under 15 U.S.C. § 1692e(5).

In order to state a claim under Section 1692e(5) of the FDCPA, plaintiff must show that defendants (1) "threatened to take any action, (2) that cannot legally be taken or that is not intended to be taken." *Jackson v. POM Recoveries Inc.*, No. 17-CV-6118 (AMD) (AKT), 2020 WL 4926259, at *6 (E.D.N.Y. Aug. 21, 2020) (citing 15 U.S.C. § 1692e(5)) (quotation marks omitted). "The threatened action must be 'authorized, likely, and imminent.'" *Id.* (quoting *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)). "The language of the communication, 'taken as a whole,' must leave the least sophisticated reader with the impression that 'some type of legal action has already been or is about to be initiated and can be averted from running its course only by payment.'" *Id.* (quoting *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989)).

4

Furthermore, "[i]n analyzing false threat claims, courts have explained that 'even where communications specifically refer to legal action, a threat does not exist where the references are couched in terms of mere possibility.'" *Sorel v. Cap. One Servs., LLC*, No. 11-CV-703 (SRU), 2012 WL 3596487, at *6 (D. Conn. Aug. 20, 2012) (quoting *Gervais v. Riddle & Assocs., P.C.,* 479 F. Supp. 2d 270, 274 (D. Conn. 2007)). This is because the "least-sophisticated consumer, when explicitly told that litigation is merely being considered as an option, cannot reasonably believe that litigation is authorized and rapidly forthcoming, particularly where the party making the communication is not an attorney." *Gervais*, 479 F. Supp. 2d at 275. In *Madonna v. Acad. Collection Serv., Inc.*, for example, the court held that the phrasing, "[o]ur client may choose to pursue legal action" was "far from threatening legal action, [but] indicate[d] that legal action is an option available to the creditor, who *may* indeed choose to take advantage of it." *Madonna v. Acad. Collection Serv., Inc.*, 1997 WL 530101, at *7 (D. Conn. Aug. 12, 1997) (emphasis in original).

The July 1 and August 5 letters plainly do not threaten imminent legal action. The letters "couch" their references to legal action "in terms of mere possibility," *Sorel*, 2012 WL 3596487, at *6, stating that "we *may* proceed" and are "*considering*" forwarding the account to attorney review for "*possible* litigation," and labeling the letters as "pre-legal." July 1 Letter 1 (emphasis added); August 5 Letter 1 (emphasis added). Furthermore, in both letters, "the party making the communication is not an attorney." *Gervais*, 479 F. Supp. 2d at 275; *see Sorel*, 2012 WL 3596487, at *7 (noting that the collection letter at issue was not from an attorney, and that "[a]buses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action" (citation omitted)).

The September 9 Letter presents a closer question. Like the other two letters, the September 9 Letter—which does not purport to come from an attorney—is labeled as a "pre-legal notification"

and uses some conditional language, stating "*if* your account is forwarded to an attorney, this *may* result in a lawsuit against you" and characterizing legal action as a "possibility." September 9 Letter 1 (emphasis added). However, the letter also uses some language that evokes certainty and urgency, stating that "Midland Credit Management, Inc. *will* transition your account into the attorney review process after 10/9/2020," that "this is the *final* written communication you will receive prior to entering the legal review process," and that "[y]our prompt attention is necessary in order to avoid the possibility of legal action." *Id.* (emphasis added). In *Dewees v. Legal Servicing, LLC*, the court considered a similar question where the collection letter at issue contained both conditional language and a more urgent statement that plaintiff's debt was "*currently* being reviewed for potential litigation." 506 F. Supp. 2d 128, 136 (E.D.N.Y. 2007) (emphasis added). The court reasoned that "[i]t is impossible to conclude that this language does not threaten immediacy as a matter of law" because "[t]he least sophisticated consumer may reasonably read the statement that the debt is 'currently being reviewed for potential litigation' to mean that litigation is imminent." *Id.* The court therefore held that "when language that litigation *may* be brought is coupled with some other suggestion that litigation is imminent, the plaintiff has stated a claim that the letter falsely implies urgency." *Id.*

However, the letter in *Dewees* is distinguishable from the September 9 Letter. Here, there is no indication that plaintiff's account is "currently" being reviewed for legal action; at most, the letter warns that the attorney review process will begin in thirty days. In *Sorel v. Capital One Services LLC*, the court similarly distinguished its case from that in *Dewees*, finding that the letter in question did not contain language as urgent as "*currently* under review for possible litigation" and that "properly construed, *Dewees* stands for the rather unremarkable proposition that context matters: the use of conditional language in one phrase *can* be negated by the use of urgent language

6

in another." 2012 WL 3596487, at *8 (emphasis added). Although the phrase, "[defendant] will transition your account into the attorney review process after 10/9/2020" contains some urgency, I do not find that the letter, taken as a whole, threatens legal action that is "authorized, likely, and imminent." *Bentley*, 6 F.3d at 62. It is clear from the language that the account has not yet been forwarded for attorney review and therefore legal action cannot possibly yet be authorized. I therefore find that plaintiff has failed to state a plausible claim under 15 U.S.C. § 1692e(5).

**II.     Plaintiff fails to state claims under 15 U.S.C. § § 1692e and 1692e(10).**

Because I do not find that the letters contain any false threat of imminent legal action, plaintiff has not shown that defendant's letters contain any "false, deceptive, or misleading representation" pursuant to Section 1692e or 1692e(10). Therefore, these claims must also be dismissed.

## CONCLUSION

For the foregoing reasons, I grant defendant's motion and dismiss plaintiff's complaint with prejudice. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated:      July 30, 2021                              ____/s/_____
            Brooklyn, NY                               Allyne R. Ross
                                                       United States District Judge

7